# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ONIE FRANKLIN CHAMBERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-1338-M |
| MACK ALFORD CORRECTIONAL CENTER, et.al. | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge Vicki Miles-LaGrange for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Court has conducted an initial review of Plaintiff's Amended Complaint [Doc. No. 25] as required by 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court finds Plaintiff's Complaint is both frivolous and fails to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed without prejudice.

## I. Defendant Named in Amended Complaint

Plaintiff's original Complaint [Doc. No. 1] was not presented on the correct form. Thus, Plaintiff was given the opportunity to file an Amended Complaint on the correct form. When Plaintiff's original Complaint was filed, he mentioned the "Dean McGee Eye Institution" and a "Dr. HouseHair." These two entities were listed as Defendants when the original Complaint was docketed. But even the original Complaint did not actually assert any claims against these

defendants, and the Amended Complaint does not mention either. Accordingly, the Dean McGee Eye Institute and Dr. HouseHair should be terminated as defendants.

## II. Plaintiff's Claim

Plaintiff's sole claim in his Amended Complaint is that he received "inadequate medical care" at Mack Alford Correctional Center (MACC). As supporting facts, Plaintiff states:

> Confronted Mack Alford Case Worker and staff of Elegal Military Government Nuro Inplant and what it was doing to me Bad! Plus Mental Health Staff witch was in disbelief[.][1]

[Doc. No. 25] at 7. In an attachment to his Amended Complaint, Plaintiff alleges that a military neurological mind warfare system known as "Starlight Star Bright II" had been implanted without his knowledge. [Doc. No. 25-1] at 1. He claims the illegal implant was put into his eyes or brain at the Kansas City Eye Foundation without anyone telling him or his mother. *Id.* at 4. He states that he informed his caseworker at MACC, Mr. Huges, about the system and asked to be sent to a hospital so that it could be removed. Mr. Huges allowed Plaintiff to talk to some staff members who had some knowledge of the military intelligence systems, but they did not have any information about neurological warfare. [Doc. No. 25-1] at 1-2. Plaintiff also states he talked to the mental health staff. *Id.* at 2. Instead of providing him with medical care, or even checking to see if the system was in his body, the mental health caseworker and the MACC staff put him in segregation for three months while he was awaiting transfer to Joseph Harp Correctional Center (JCCC). *Id.*

Plaintiff contends the implanted sensor transmits evil mediums and is a form of mind torture. *Id.* at 3. He further states that the evil people running the system from their studios, most of which are in the United States, told him that "the clairvoyance chip" or sensor is in his

---

[1] Quotations are verbatim.

2

"left frontal lope" or "cortex." *Id.* In addition to the sorcery and "invocation of evil powers for future," Plaintiff states he has day-to-day problems with the people in and on the system not letting him relieve himself of body waste. *Id.*[2] He states that government officials, using the implant, caused him "to escape McLeod prison" so that he would be captured and forced to serve more time in prison. *Id.* at 4.

As relief, Plaintiff seeks a pardon for the escape charge and, presumably, release from prison. He also asks to be taken to a safe and protected hospital for removal of the military or government neurological system called Starlight Star Bright II, the removal of lens in both eyes, and removal of all chip sensors. [Doc. No. 25] at 8.

### III.     Standard for Dismissal

Pursuant to 28 U.S.C. § 1915A(b)(1), dismissal of a complaint is proper where the action is frivolous or malicious or fails to state a claim upon which relief may be granted. Generally, the Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court must liberally construe Plaintiff's pro se complaint. *Id*. at 1218. But a court may dismiss a claim as factually frivolous when the facts asserted are "clearly baseless" a category encompassing allegations that are "fanciful," "fantastic," and "delusional." In other words, a finding of "factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504

---

[2] Plaintiff has sent numerous letters to the Court that recount further struggles allegedly caused by the Starlight Star Bright II system. [Doc. Nos. 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37]. None of the letters seeks additional relief or raises different claims. Moreover, a letter is not a recognized pleading upon which the Court may act. Accordingly, the Court need not consider the correspondence from Plaintiff.

U.S. 25, 32–33 (1992) (internal quotations and citations omitted). Determining whether an action is "frivolous" is left to the discretion of the court screening the complaint. *Id.* at 33.[3]

IV. **Analysis**

The Court has thoroughly reviewed Plaintiff's allegations in his Amended Complaint as required by 28 U.S.C. § 1915A(a), and finds them to be factually frivolous and subject to dismissal on screening pursuant to § 1915A(b)(1).

Additionally, Plaintiff has otherwise failed to state a claim upon which relief may be granted. The only defendant named in the Amended Complaint is "Mack Alford Correctional Center." Both this Court and the Tenth Circuit have concluded that correctional facilities lack the capacity to be sued because such a facility lacks an identity separate and apart from the county or state itself. *See Witmer v. Grady County Jail*, 483 F. App'x 458 (10th Cir. 2012) (affirming district court decision finding that county jail "lacked the legal capacity to be a defendant under Oklahoma law"); *Buchanan v. Oklahoma*, No. CIV-09-744-D, 2010 WL 1449603, at *4 (W.D. Okla. March 4, 2010) (finding that detention facilities "lack a separate legal identity from the state and cannot be sued" and citing numerous cases in other districts in which courts have held the same); *Hines v. Oklahoma*, No. CIV-07-197-R, 2007 WL 3046458, at *18 (W.D. Okla. Oct. 17, 2007) (holding that Oklahoma County Detention Center and Jess Dunn

---

[3] *Denton* interpreted "frivolousness" in the context of an action brought by a prisoner proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has paid his filing fee, and 28 U.S.C. § 1915 is not applicable to this case. But there is nothing in the case law that suggests the definition of "factually frivolous" is different for cases screened pursuant to 28 U.S.C. § 1915A that is applicable to this case and all other cases brought by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. The Supreme Court has recognized that "[r]elated provisions reflect a congressional focus upon trial court dismissal as an important separate element of the statutory scheme. *See* § 1915A (requiring a district court to screen certain prisoner complaints "as soon as practicable" and to dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted"); 42 U.S.C. § 1997e(c)(1) (similar)." *Coleman v. Tollefson*, ___ U.S. ___, 135 S.Ct. 1759, 1764 (2015).

Correctional Facility, inter alia, lacked the capacity to be sued). Thus, Plaintiff's Amended Complaint [Doc. No. 25] should be dismissed without prejudice on initial screening.

## RECOMMENDATION

The Amended Complaint [Doc. No. 25] should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) because the Complaint is factually frivolous and fails to state a claim upon which § 1983 relief may be granted. Dean McGee Eye Institute and Dr. HouseHair should be terminated as defendants.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 1, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 11th day of August, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE